IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LARRY TYRONE SCOTT,

    Plaintiff,

v.                                                            CASE NO. 1:10-cv-00003-MP-AK

SADIE DARNELL, et al,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court upon the filing of Plaintiff's Response to the Court's show cause order. (Docs. 8 and 9). Having considered the arguments made by Plaintiff in his response, the Court finds that he has sufficiently explained his reasoning for not listing the other case filed in this court (Case No. 1:09cv188) at page 4 of the present complaint, and therefore the Court does not find that he was being deliberately untruthful and will not dismiss this cause for that reason.

The Court has now reviewed the complaint and finds that it should be amended as follows:

Plaintiff alleges that the Defendants have violated his Fourth Amendment rights in that they caused his false arrest sometime between June and August 2004. The charges for which he was arrested, possession with intent to sell cocaine, were nolle prossed on May 1, 2006. Plaintiff claims that Defendant Broadway, an investigator for the DEA, used a confidential informant wearing a "wire-tap" to set up a drug buy involving Plaintiff. This was the only evidence against Plaintiff, which he contends was "fabricated" by Broadway, who allegedly knew the informant

was unreliable and knew that the voice on the recording of the drug buy was not Plaintiff's. His claims against DeVinny, Jacobs, Weaver and Baragona are that they knew the evidence was fabricated and did not conduct their own investigations into the charges. He is suing attorneys Fisher and Cervone for prosecuting him based on these false charges. He does not state any claims against Darnell or Jones.

As an initial matter, the alleged false arrest occurred in June, July or August of 2004. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited). Under the facts presented in the complaint, Plaintiff knew or should have known at the time of his arrest that he was being arrested "falsely." The expiration of the statute of limitations warrants § 1915 dismissal. Clark v. Georgia Pardons and Parole Bd., 915 F.2d 636, 641, n. 2 (11th Cir. 1990). Plaintiff filed the present complaint on January 11, 2010. He does not address the fact that he has waited over 5 years to file this lawsuit and this is grounds for dismissal.

Further, Plaintiff has stated no claims at all against two of the Defendants, Sheriff Darnell and Chief of Police Tony Jones. They should be deleted as defendants from an amended

complaint, if Plaintiff chooses to file one.

Defendants Fisher and Cervone, as prosecuting attorneys are immune from suit for their "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L.Ed.2d 209 (1993). Such immunity extends to most court appearances, including examining witnesses and presenting evidence. Burns v. Reed, 500 U.S. 478, 492 (1991). Plaintiff has not stated any facts that would bypass this immunity since he makes only conclusory allegations about their knowledge that the charges were false. Further, he admits that he is suing Cervone "by virtue of being [Fisher's] supervisor." Supervisory personnel cannot be held vicariously liable for the actions of their subordinates without some showing that the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993). Thus, these two defendants, as well, should not be included in an amended complaint.

Finally, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail. That is, Plaintiff cannot simply allege that Defendant Broadway knew that the evidence was false, he must state facts supporting his allegation. He also provides no facts supporting how the other defendants knew that he had been arrested on false charges or what constitutional rights of his were affected by their not investigating these charges.

In amending, Plaintiff should carefully review the foregoing to determine whether he can

present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **July 2, 2010.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so may result in the dismissal of this action.**

**DONE AND ORDERED** this  *18th*  day of June, 2010

      *s/Maurice M. Paul*
      Maurice M. Paul, Senior District Judge